FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>SERGIO GUERRERO,<br><br>  Defendant-Appellant. | No.  21-10248<br><br>D.C. Nos.<br>4:19-cr-01468-CKJ-MSA-1<br>4:19-cr-01468-CKJ-MSA<br>District of Arizona,<br>Tucson<br><br>ORDER |

Before:  S.R. THOMAS, GOULD, and BEA, Circuit Judges.

The opinion in the above-captioned matter filed on September 2, 2022 and published at __ F.4th __, 2022 WL 4005324 is AMENDED as follows:

At the end of the first paragraph, the following language should be added:

We remand this case, however, for the limited purpose of amending the judgment to reflect only 18 U.S.C. § 554(a) as the offense of conviction.

A majority of the panel has voted to deny the Petition for Rehearing and the Petition for Rehearing En Banc.  Judge SR Thomas would have granted the petitions.  The full court has been advised of the Petition for Rehearing En Banc and no judge of the court has requested a vote on the Petition for Rehearing En Banc. Fed. R. App. P. 35.

Appellant's Petition for Rehearing and Petition for Rehearing En Banc are DENIED.

# SUMMARY

## Criminal Law

The panel filed an order (1) amending a per curiam opinion filed on September 2, 2022; (2) denying a petition for rehearing; and (3) denying on behalf of the court a petition for rehearing en banc, in case in which Sergio Guerrero, after the district court denied his motion to suppress, pled guilty to smuggling ammunition in violation of 18 U.S.C. § 554(a).

In the per curiam opinion, the panel affirmed the district court's denial of the motion to suppress because of the consistent conclusions of Judge Gould and Judge Bea, which represent a majority of the panel, even though the reasoning of Judge Gould and Judge Bea in their separate concurrences is different. The panel noted that one exception to the Fourth Amendment's prohibition of searches and seizures conducted without prior approval by judge or magistrate is a *Terry* stop, which allows an officer to briefly detain an individual when the officer has a reasonable articulable suspicion that an individual is engaged in a crime, during which stop an officer may also conduct a limited protective frisk if the officer has reason to believe the individual has a weapon; and that another exception is when an officer has probable cause to arrest an individual.

The panel amended the per curiam opinion to add language remanding the case for the limited purpose of amending the judgment to reflect only § 554(a) as the offense of conviction.

Judge Gould concurred in the per curiam opinion on the grounds that Trooper Amick effected a *de facto* arrest supported by probable cause.

Judge Bea concurred in the per curiam opinion on the grounds that Trooper Amick merely detained Guerrero and did not effectuate a *de facto* arrest, but that even if Trooper Amick had arrested Guerrero, there was probable cause to do so.

Dissenting from the per curiam opinion, Judge S.R. Thomas wrote that Trooper

---

This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Amick's stop ripened into an arrest when he held Guerrero handcuffed, on a roadside, for approximately 40 minutes, waiting for federal officers to arrive; and that Trooper Amick had no probable cause to do so.

---

## COUNSEL

---

J. Ryan Moore (argued) and Jay A. Marble, Assistant Federal Public Defender; Jon M. Sands, Federal Public Defender; Federal Public Defender's Office, Tucson, Arizona; for Defendant-Appellant.

Angela W. Woolridge (argued), Assistant United States Attorney; Gary M. Restaino, United States Attorney; Christina M. Cabanillas, Deputy Appellate Chief; United States Attorney's Office, Tucson, Arizona; for Plaintiff-Appellee.